UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                                                                                  Case No. 05-80972
                                                                                                   Hon. Sean F. Cox

CHRISTOPHER CULBERSON, et al.,

       Defendant.
_____/

## OPINION AND ORDER

This matter is before the Court on Cross Motions in limine regarding the admissibility of a transcription prepared by the government of emails taken from the phone of co-defendant Alvin Culberson. Both parties have briefed the issue. For the following reasons, the Court finds the transcript is admissible and **GRANTS** Plaintiff's Motion in limine and **DENIES** Defendant's Motion in limine.

### I.  BACKGROUND

This action arises out of the prosecution of Defendant as a participant in a conspiracy to distribute cocaine. There are several co-defendants. One of the co-defendants is Alvin Culberson, Defendant's brother. After Alvin's arrest, the Drug Enforcement Administration ("DEA") obtained a warrant to search Alvin's email capable cellular phone. DEA Agent Jeffrey Moore executed the search warrant. He reviewed the contents of the cellular phone. According to Agent Moore's testimony, he accurately transcribed the emails found on Alvin's phone

1

verbatim. He included that time, date, and participants of each email. The transcription process took several days. However, he did not print the original emails before the cellular phone was placed in DEA lock up. Approximately two weeks after Agent Moore transcribed the emails, he reviewed the phone again and realized that the emails had been purged. The government subpoenaed email records from the internet service provider, but the emails were no longer stored.

The government seeks to introduce the written transcript as evidence at trial. Defendant objects because he did not have an opportunity to review the original emails. In addition to Agent Moore's testimony, Alvin Culberson and several other co-defendants are expected to testify to the accuracy of the transcription.

## II.   ANALYSIS

### A.   Due Process

Defendant does not offer any support for his allegation that admission of the transcript would violate his due process rights.

Generally, a due process violation is alleged where the government destroyed exculpatory evidence. The suppression of material exculpatory evidence is a violation of due process, without regard to good or bad faith. *U.S. v. Jobson*, 102 F.3d 214, 218 (6th Cir. 1996). However, where the exculpatory value is indeterminate, as it would be in this case, the defendant must show that the government acted in bad faith in failing to preserve the evidence; that the exculpatory value of the evidence was apparent before its destruction; and that the nature of the evidence was such that the defendant would be unable to obtain comparable evidence by other reasonably available means. *Id*. Defendant has not established bad faith or the exculpatory value

of the emails. Defendant alleges that "the emails were lost in bad faith by the government, which had sole possession and control over the storage device which contained the emails, and further had the ability to request electronic and paper copies of the emails from the internet service provider but failed to do so." [Motion, p.6]. This only asserts what is already known, the emails are unavailable and the government did not obtain copies of the originals. This allegation says nothing of the motivation or whether the failure to procure copies was negligent or in bad faith. See *In re Sol Bergman Estate Jewelers*, 225 B.R. 896, 902 (6th Cir. BAP 1998)("[t]he mere negligent destruction of original evidence is insufficient to establish bad faith on the part of the proponent."); and *Jobson*, 102 F.3d at 218 ("[t]hough the government was negligent, perhaps even grossly negligent, in failing to preserve the tape, there is no evidence that it acted in bad faith."). Further, the government never actively lost or destroyed the emails. The emails were purged from the cellular phone and from the internet service provider in their regular course.

Lastly, in *U.S. v. Ross*, 33 F.3d 1507, 1514 n.10 (11th Cir. 1994), the court ruled that the defendant failed to establish a claim for violation of his due process rights because he cited no supporting case law and because he had the ability to cross-examine the government witnesses who testified about the contents of the tape. In *Ross*, the defendant challenged the admission of transcripts prepared by a foreign police department where the original tapes were unavailable.

Here, Defendant fails to cite any supporting authority; does not establish bad faith or exculpatory value; and has had the opportunity to cross-examine Agent Moore and the co-conspirators. Thus, he has not established a violation of due process.

  **B.    Authentication**

FRE 901 provides:

3

> (a) General provision.  The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.
> (b) Illustrations.  By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:
> (1) Testimony of witness with knowledge.  Testimony that a matter is what it is claimed to be.
> * * *

In this case, the government intends to authenticate the transcript via the testimony of Agent Moore, co-conspirator Alvin Culberson, and possibly other co-conspirators who sent and received emails from Alvin Culberson.  Defendant does not offer any support for why this is insufficient.  In *U.S. v. Workinger*, 90 F.3d 1409 (9th Cir. 1996), the court ruled that a deposition transcript was sufficiently authenticated where the government elicited testimony from the person who transcribed the tape and from the attorney who conducted the deposition.  Similarly, in this case, the government offers testimony from the preparer of the transcript and participants in the original emails.  Defendant is free to challenge the credibility of these witnesses, but it goes to the weight of the evidence, not the admissibility.  *Bergman*, 225 B.R. at 902.

### C.   Sixth Amendment Right to Confrontation

The basis of Defendant's confrontation clause claim is unclear.  He does not direct the Court to any cases supporting a finding of a confrontation clause violation where a transcript is admitted despite the unavailability of the originals, and where the defendant is able to cross-examine the authenticating witnesses - including the individual who prepared the transcript.

### D.   Best Evidence Rule

The "best evidence" rule is codified in FRE 1002:

> To prove the content of a writing, recording, or photograph, the original writing,

> recording, or photograph is required, except as otherwise provided in these rules or by Act of Congress.

In this case, the best evidence to prove the contents of the emails, is the emails. However, the emails are unavailable. Accordingly, the government relies on FRE 1004(1) for admission of the transcript as secondary evidence of the content of the emails:

> The original is not required, and other evidence of the contents of a writing, recording, or photograph is admissible if -
>
> (1) Originals lost or destroyed. All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; or
> * * *

Defendant objects to the use of the transcript as secondary evidence because he claims the emails were not produced because of bad faith. As Defendant concedes, he has the burden of establishing bad faith. *Ross*, 33 F.3d at 1513. However, as discussed above, Defendant fails to offer any support for his assertion that it was bad faith. In *Ross*, the Spanish National Poilce wiretapped the defendant and made transcripts of the recordings. The defendant was later prosecuted in America and the government sought to introduce the transcripts. The defendant objected because the original tapes the transcripts were made from were not available. The government had several of the Spanish National Police who prepared the transcripts testify. The court ruled that the requirements of FRE 1004(1) were satisfied and that "the transcripts here were admitted only after the original recordings could not be located due to standard procedures of the Spanish National Police, and the Spanish police officers who initially transcribed the recordings were cross-examined by [the defendant's] counsel...[m]oreover, we note that [the defendant] had ample opportunity to attack the transcripts' credibility before the jury." *Id*. at 1514.

Similarly, in this case, it is undisputed that the originals are nonexistent and Defendant fails to offer any evidence of bad faith; the government did subpoena the emails from the internet service providers but the emails were already destroyed; the agent who prepared the transcript will testify; several of the co-conspirators involved in the emails will testify; Defendant will have the opportunity to cross-examine all of these individuals. Accordingly, the requirements of FRE 1004(1) are satisfied and the transcript is admissible as secondary evidence to prove the contents of the emails.

Defendant also claims admission of the transcript would violate FRE 1006. FRE 1006 relates to admission of summaries where the originals are voluminous. The rule requires that the originals be made available. The government does not seek to admit the transcript as a summary under FRE 1006. [Motion, p.7].

In addition, Defendant directs the Court to *U.S. v. Loud Hawk*, 628 F.2d 1139 (9th Cir. 1979), for the proposition that a balancing test should be applied where the government loses or destroys criminal evidence. As a preliminary matter, this case is not binding on this Court and Defendant does not cite any Sixth Circuit authority applying a similar test. In *Loud Hawk*, the defendants were fugitives from a recent incident. They were spotted by federal authorities traveling in Oregon. The authorities send a teletype message to Oregon law enforcement describing the vehicle. An Oregon state trooper saw the vehicle and stopped it the next day on the basis of the information contained in the teletype. The state authorities conducted a search of the defendants vehicles with federal authorities present, although the federal authorities did not participate in the search. However, the federal authorities did take a photograph of dynamite found in the vehicle. The federal authorities did not request the state authorities retain any of the

dynamite and it was subsequently destroyed by the state authorities.

The defendants were charged, among other things, with three counts pertaining to the dynamite. The government sought to offer photographs of the dynamite. The district court dismissed the dynamite counts on grounds of unlawful suppression of evidence. The court stated that when the government loses or destroys tangible evidence prior to trial, secondary evidence will be suppressed if the defendant can show bad faith and that he was prejudiced. *Loud Hawk*, 628 F.2d at 1146. As already discussed, Defendant fails to establish bad faith. In *Loud Hawk*, the concurrence stated that:

> The proper balance is that between the quality of the Government's conduct and the degree of prejudice to the accused. The Government bears the burden of justifying its conduct and the defendant bears the burden of demonstrating prejudice. In weighing the conduct of the Government, the court should inquire whether the evidence was lost or destroyed while in its custody, whether the Government acted in disregard for the interests of the accused, whether it was negligent in failing to adhere to established and reasonable standards of care for police and prosecutorial functions, and, if the acts were deliberate, whether they were taken in good faith or with reasonable justification. * * *
>
> Against all this must be weighed the degree of prejudice to the defendant. In analyzing prejudice, the court must consider a wide number of factors including, without limitation, the centrality of the evidence to the case and its importance in establishing elements of the crime or the motive or intent of the defendant; the probative value and reliability of the secondary or substitute evidence; the nature and probable weight of factual inferences or other demonstrations and kinds of proof allegedly lost to the accused; the probable effect on the jury from absence of the evidence, including dangers of unfounded speculation and bias that might result to the defendant if adequate presentation of the case requires explanation about the missing evidence.

*Id*. at 1152.

Even applying this balancing test relied on by Defendant, the transcript is admissible. As testified to by Agent Moore, the government lawfully seized the cell phone and had a warrant to

view the contents.  The contents, *i.e.* the emails, were accurately transcribed including the time, date, and participants according to Agent Moore.  After having the cell phone for approximately two weeks, the emails were purged through no fault of the government.  The government then subpoenaed the emails from internet service providers.  However, the emails were unavailable.  The justification for the unavailability of the evidence outweighs any prejudice to Defendant.  Defendant claims he is prejudiced because it affects the "Defendant's ability to effetively cross-examine the co-defendant witnesses who will be called." [Motion, p.7].  However, Defendant does not identify any exculpatory emails he believes are missing from the transcript.  Further, even without the admission of the transcript, testimony of Agent Moore and the co-conspirators regarding the contents of the emails is admissible and would come before the jury.

  **E.**  **Hearsay**

The parties dispute whether the transcript is hearsay.  Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  FRE 801(c).  The statements in the emails themselves were not hearsay to the extent they satisfied the requirements of FRE 801:

> (d) Statements which are not hearsay.  A statement is not hearsay if-
> * * *
> (2) Admission by party-opponent.  The statement is offered against a party and is
> * * * (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.
> * * *

Moreover, the transcription is not hearsay because it does not make an assertion, it is merely a copy of the emails.  It is the emails that make the assertion.  In *Ross*, the defendant objected to the admission of the transcripts as hearsay.  The court ruled that the transcripts were

8

not hearsay because the statements in the transcripts were made either by the defendant or by his alleged coconspirators. *Ross*, 33 F.3d at 1514, n.9 (citing FRE 801(d)(2)(A) & (E)). Likewise, in *Workinger*, the court ruled that transcripts of the defendants recorded deposition were not hearsay. The court held "statements in the transcript were admissions of a party-opponent; they were not hearsay." *Workinger*, 90 F.3d at 1415.

Accordingly, the statements in the transcript are not hearsay to the extent they are either party admissions or co-conspirator statements.

### III.  CONCLUSION

For the foregoing reasons, the Court finds the transcript is admissible and **GRANTS** Plaintiff's Motion in limine and **DENIES** Defendant's Motion in limine.

**IT IS SO ORDERED.**

                                                  S/Sean F. Cox  
                                                  **Sean F. Cox**  
                                                  **United States District Judge**

**Dated:  April 27, 2007**

**I hereby certify that a copy of the foregoing document was served upon counsel of record on April 27, 2007, by electronic means and hand delivery.**

                                                  S/Jennifer Hernandez  
                                                  **Case Manager**