UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                         Case No. 05-80972
                                                                                       Hon. Sean F. Cox

CHRISTOPHER CULBERSON, et al.,

    Defendant.

_____

## **ORDER**

This matter is before the Court on Defendant's Motion for new trial. For the following reasons, Defendant's Motion is **DENIED**.

## I.    BACKGROUND

This Motion arises out of the conviction of Defendant on the charge of conspiracy to distribute cocaine on May 7, 2007. The underlying facts are sufficiently set forth in the Court's Order denying Defendant's motion in limine, entered April 27, 2007 [Doc. 163].

On May 14, 2007, Defendant filed the instant Motion for new trial. Defendant claims the Court erred by admitting the transcript prepared by Agent Moore of emails taken from Alvin Culberson's cellular phone. The email transcript was the subject of the Defendant's motion in limine, *supra*.

## II.    STANDARD OF REVIEW

Fed.R.Crim.P. 33 provides, in pertinent part, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." "The decision to grant or deny a motion for a new trial rests within the district court's sound

discretion." *U.S. v. Davis*, 15 F.3d 526, 531 (6th Cir. 1994). The decision will only be reversed for an abuse of discretion. *Id*. "A district court clearly abuses its discretion when it applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *U.S. v. Turns*, 198 F.3d 584, 586 (6th Cir. 2000)(citation omitted). "The defendant bears the burden of proving that a new trial should be granted." *Davis*, 15 F.3d at 531.

### III. ANALYSIS

Defendant contends that the Court erred in admitting the transcript of emails prepared by Agent Moore because the government did not establish that the originals were lost or destroyed pursuant to FRE 1004. [Motion, p.2]. FRE 1004(1) provides that an original is not required when "[a]ll originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith..." Defendant has the burden of establishing bad faith. *U.S. v. Ross*, 33 F.3d 1507, 1513 (11th Cir. 1994). Defendant does not offer any support for his assertion that Agent Moore's testimony that the emails were unavailable, and that they could not be obtained from internet service providers, was insufficient to establish unavailability. Defendant does not offer any evidence of bad faith.

For the reasons set forth in the Court's Order denying Defendant's motion in limine, the transcript of the emails was admissible. Accordingly, because Defendant fails to meet his burden of demonstrating that the interest of justice requires a new trial in this matter, Defendant's Motion for new trial is **DENIED**.

**IT IS SO ORDERED.**

                                                                                  **s/Sean F. Cox**
                                                                                  **Sean F. Cox**
                                                                                  **United States District Judge**

**Dated: May 15, 2007**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER CULBERSON, et al.,

    Defendant.

Case No. 05-80972
Hon. Sean F. Cox

## PROOF OF SERVICE

**I hereby certify that a copy of the foregoing document was served upon counsel of record on May 15, 2007, by electronic and/or ordinary mail.**

    **s/Jennifer Hernandez**
    **Case Manager**